# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2864

_____

Deborah D. Johnson,          *
                                         *

          Appellant,          *          Appeal from the United States
                                         *          District Court for the
      v.                    *          Eastern District of Arkansas.
                                         *
US Security Associates, Inc.,   *            [UNPUBLISHED]
                                         *
         Appellee.           *

_____

Submitted: March 10, 2011
Filed: March 15, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Deborah Johnson appeals the adverse grant of summary judgment entered by the District Court[1] in her lawsuit alleging hostile-work-environment and retaliation claims based on sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17. After careful consideration of

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

Johnson's arguments and a <u>de novo</u> review of the record, <u>see</u> <u>Kratzer v. Rockwell Collins, Inc.</u>, 398 F.3d 1040, 1043 (8th Cir. 2005), we affirm.

Johnson abandoned her hostile-work-environment claim and her retaliatory-discipline claim by failing to address those claims in her appellate brief. <u>See</u> <u>Jasperson v. Purolator Courier Corp.</u>, 765 F.2d 736, 740 (8th Cir. 1985) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue."). Additionally, the District Court correctly concluded that Johnson failed to establish a prima facie case of retaliatory discharge. "A plaintiff must show the employer had actual or constructive knowledge of the protected activity in order to establish a prima facie case of retaliation." <u>Buettner v. Arch Coal Sales Co., Inc.</u>, 216 F.3d 707, 715 (8th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1077 (2001). In this case, there is insufficient evidence that the relevant decision-maker had any knowledge that Johnson had engaged in protected activity. Accordingly, we affirm the judgment of the District Court.

_____